Voto disidente emitido por el
Juez Presidente Señor Hernández Denton, al cual se une la Jueza Asociada Señora Fiol Matta.
Disentimos de la resolución que emite el Tribunal que concluye que el caso de autos no se tomó académico con la absolución del Sr. Benjamín Pagán Medina, por entender que ésta soslaya uno de los principios básicos de justiciabilidad. Específicamente, el proceder del Tribunal en el día de hoy invoca erróneamente una de las excepciones a la doctrina de academicidad, la probabilidad de recurrencia, con el único propósito de reconsiderar la opinión emitida por este Tribunal el año pasado. Véase Pueblo v. Pagán Medina, 175 D.P.R. 557 (2009).
Como es sabido, mediante la doctrina de “academicidad” los tribunales se abstienen de adjudicar urna controversia ya resuelta, emitiendo un pronunciamiento que no tendrá efecto práctico alguno sobre las partes en el litigio. A tal efecto, hemos dicho que una vez se determina que un caso es académico, los tribunales deben abstenerse de considerarlo en sus méritos, ya sea por imperativo constitucional (ausencia de “caso o controversia”) o por motivo de autolimitación *850 judicial. Asoc. de Periodistas v. González, 127 D.P.R. 704 (1991).
Recientemente, el Tribunal Supremo de Estados Uni-dos, por voz del Juez Asociado Breyer, reiteró la necesidad de la existencia de un caso o una controversia para que se pueda ejercer el poder de revisión judicial. En particular, el máximo foro judicial federal determinó que la controversia presentada en ese caso —la validez del procedimiento establecido en una ley de Illinois para remediar los efectos de confiscaciones— se había tornado académica mientras el recurso pendía ante dicho tribunal. Al así resolver, reiteró que: “[a]n ‘actual controversy must be extant at all stages of review, not merely at the time the complaint is filed’ ” y que “a dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words ‘Cases’ and ‘Controversies’ ”. Alvarez v. Smith, 130 S.Ct. 576 (2009).
Es cierto que también hemos establecido que aunque determinada controversia se hubiese resuelto antes de que el tribunal emitiera su dictamen, se podrá considerar el caso en sus méritos si la controversia es susceptible de repetirse, pero aún así evadiría la revisión judicial. Véanse: P.N.P. v. Carrasquillo, 166 D.P.R. 70 (2005); Com. de la Mujer v. Srio. de Justicia, 109 D.P.R. 715 (1980). Sin embargo, antes de invocar esta excepción, se tomarán en cuenta tres criterios: (1) la posibilidad de recurrencia de la controversia; (2) la identidad de las partes, (3) y la probabilidad de que la controversia evada la revisión judicial. Angueira v. J.L.B.P, 150 D.P.R. 10 (2000). A tales efectos, como bien aduce el profesor Alvarez González en su obra sobre derecho constitucional:
... La excepción de recurrencia (“capaz de repetirse, pero evadir revisión judicial”) intenta delimitar aquellas situaciones en que la controversia se ha tornado académica debido a circunstancias de tiempo íntimamente relacionadas con su naturaleza, por lo que es razonable pensar que, de surgir la misma *851 controversia en el futuro, nuevamente se tornará académica antes de que un tribunal la adjudique. (Énfasis suplido.) J.J. Alvarez González, Derecho Constitucional de Puerto Rico y relaciones constitucionales con los Estados Unidos, Bogotá, Ed. Temis, 2009, pág. 186.
En el caso particular ante nuestra consideración, es innegable que la totalidad de la controversia llegó a su final el 21 de octubre de 2009, cuando el Tribunal de Primera Instancia declaró inimputable al Sr. Benjamín Pagán Medina y, en vista de ello, lo absolvió de todos los cargos que pendían en su contra. Es decir, luego de emitida la opinión de este Tribunal en Pueblo v. Pagán Medina, supra, y pendiente la moción de reconsideración presentada por la Procuradora General, ocurrió un cambio fáctico que a todas luces convirtió en académica esta petición: la absolución a base de inimputabilidad del señor Pagán Medina. Así, pues, esta moción de reconsideración resulta improcedente, pues cualquier controversia presentada en ésta se tornó completamente académica. Claramente, el dictamen emitido hoy en reconsideración por este Tribunal no tendría ningún efecto sobre el señor Pagán Medina, quien fue debidamente absuelto hace varios meses.
A nuestro juicio, resulta claro que la excepción de recurrencia invocada por una mayoría de este Tribunal mediante Resolución no autoriza la reconsideración del caso de autos en sus méritos. Conforme a lo expresado, la ex-cepción de recurrencia va acompañada de la probabilidad de que la controversia evada la revisión judicial, por su propia naturaleza. La controversia planteada en el caso que está ante nuestra consideración no es una controversia que por su propia naturaleza se convertiría en académica antes de poder ser objeto de revisión judicial. Este caso evidencia todo lo contrario, pues, a pesar del corto período en que usualmente se desarrollan los procesos penales de esta índole, todas las instancias de nuestra judicatura, a saber, el Foro de Primera Instancia, el foro apelativo intermedio y *852 este Tribunal, tuvieron la oportunidad de considerar y resolver la controversia de autos.
De hecho, como prueba fehaciente al respecto, es preciso señalar que hace apenas una semana se presentó ante la consideración de este Tribunal una petición de certiorari que involucraba hechos prácticamente idénticos a los de Pueblo v. Pagán Medina, supra. Véase El Pueblo de P.R. v. José L. Castro Rodríguez, CC-2008-1101 (auto denegado). En éste, al igual que en los hechos de Pueblo v. Pagán Medina, supra, el Sr. José L. Castro Rodríguez estuvo detenido preventivamente más del límite de ciento ochenta días que dispone nuestra Constitución, antes de celebrársele juicio. Así, este recurso fue adjudicado por las tres instancias de nuestra judicatura, demostrando que un caso que implicase hechos similares no evadiría la revisión judicial. Por lo tanto, es evidentemente incorrecto que se aplique la excepción de recurrencia cuando falta un elemento esencial para que pueda ser aplicada, o sea, que una controversia similar evada la revisión judicial.
Evidentemente, tampoco puede invocarse el hecho de que la sentencia dictada en este caso aún no haya advenido final y firme como fundamento para justificar la supuesta recurrencia y entender en la moción de reconsideración presentada por la Procuradora General. Ni ese hecho, ni la mera presentación de una moción de esa naturaleza puede servir de base para ignorar las limitaciones que nos impone la doctrina de autolimitación judicial. Según esa premisa, sin duda, se pudiera argumentar que ningún caso podría tornarse académico antes de que advenga final y firme una sentencia emitida con relación a éste. Simple y llanamente, el criterio de recurrencia nada tiene que ver con la finalidad de las sentencias, sino con la posibilidad de que un asunto se repita o vuelva a ocurrir. Ampararse en tal criterio para resolver una controversia ya inexistente, no sólo contraviene los más elementales principios de justiciabilidad, sino que soslaya por completo el significado de la doctrina de academicidad.
*853 Por otro lado, referente a la distinción entre ámbitos procesales que hace una mayoría de este Tribunal mediante la Resolución emitida hoy, es oportuno aclarar que si bien los procesos criminales están revestidos de la más alta celeridad, un recurso extraordinario como el “hábeas corpus”, comúnmente utilizado en casos como éste, exige una premura mayor que la de los procesos criminales ordinarios. Concluir que los procesos criminales finalizarán antes de ser atendido un auto de hábeas corpus, y que por ello la controversia de éste se tornaría académica, es restarle la característica procesal más elemental de este recurso: su extraordinaria premura. De hecho, nuestra propia Constitución, en la Sec. 13 del Art. II, L.P.R.A., Tomo 1, establece que el hábeas corpus será concedido con rapidez y libre de costas. Más aún, este Tribunal puede atender en jurisdicción original un recurso de hábeas corpus. Por esta razón, resulta sorprendente que se utilice este tipo de distinción entre ámbitos procesales como subterfugio para adjudicar recursos cuyas controversias han sido completamente resueltas, como ocurrió en este caso.
En fin, en la opinión que emitimos hace apenas diez meses, se estableció clara y detalladamente la normativa que regiría la interpretación del término máximo de seis meses que establece nuestra Constitución para mantener a una persona en detención preventiva en aquellos casos en que se determine que ésta no es procesable criminalmente. De surgir una controversia similar los tribunales deben resolver conforme a esta normativa. Si este Tribunal interesa reconsiderar dicho dictamen, en estricto derecho lo que procede es esperar por el caso apropiado para hacerlo. .Ello es así, pues, como hemos visto, la moción ante nuestra consideración se tornó académica al decretarse la absolución del señor Pagán Medina y, a pesar de que la controversia presentada en ésta podría repetirse, no sería susceptible de evadir la revisión judicial.
*854 No obstante, el Tribunal resuelve mediante resolución de otro modo y, a su vez, modifica implícitamente la normativa sobre academicidad establecida en nuestra jurisprudencia. Disentimos de este curso de acción.